ELLA O. RICHARDSON *v.* THOMAS BIGLANE ET AL.

1. EJECTMENT. *Legal title. Plaintiff. Descriptio personæ.*

A plaintiff in ejectment who shows a perfect legal title in herself is entitled to recover, although she may have described herself in the declaration as administratrix of the estate and guardian of the heirs of a designated decedent.

2. DEEDS. *Ambiguity.*

A deed conveying land to a designated grantee, describing her as an administratrix, is not ambiguous because it does not show of what estate she is administratrix, but is valid and invests the designated grantee with the title of the grantor.

FROM the circuit court of Covington county.

HON. JOHN R. ENOCHS, Judge.

Mrs. Richardson, appellant, was plaintiff, and Biglane and others, appellees, were defendants in the court below. From a judgment in defendant's favor plaintiff appealed to the supreme court. The facts are fully stated in the opinion of the court.

*T. S. Howell* and *McIntosh Brothers*, for appellant.

Mrs. Richardson having shown a legal title to the lands for which she sued, in herself was entitled to recover. It makes no difference that she described herself in the declaration as administratrix and guardian, or even that she sued as such administratrix or guardian. *Columbus, etc., Co.* v. *Humphries*, 64 Miss., 258.

*James L. McCaskill* and *J. F. N. Huddleston*, for appellees.

The suit was not brought by Mrs. Richardson in her own right. She sues as administratrix of the estate of John P. Richardson, deceased, and as guardian of the heirs of said decedent. She

did not show title in herself as administratrix, nor did she show title in her wards, nor who her wards were, nor who were the heirs of the decedent.

TERRAL, J., delivered the opinion of the court.

Ella O. Richardson brought ejectment against Biglane and three others for the west $\frac{1}{2}$ of northeast $\frac{1}{4}$ and northwest $\frac{1}{4}$ of southeast $\frac{1}{4}$, and southeast $\frac{1}{4}$ of northwest $\frac{1}{4}$ of section 13, township 8, range 15, west, in Covington county—160 acres of land. In her declaration, according to its recitals, she sues for herself, as administratrix of the estate of John P. Richardson, deceased, and as guardian of minor heirs of John P. Richardson, deceased. The only plea was the general issue. Ella O. Richardson gave in evidence to the court and jury a patent of date of the 5th of April, 1888, from the United States government to Emily Whitehead, for the tract of land sued for; a conveyance of date March 13, 1890, of Emily Whitehead to J. R. Porter, for the same tract of land; and a quitclaim conveyance of date of 28th September, 1898, of J. R. Porter to herself—Ella O. Richardson. There was no countervailing evidence, and yet the court struck out, as the record recites, her evidence of title, and had a verdict and judgment entered for defendants. Ella O. Richardson showed a good title in herself, and was entitled to a judgment for the recovery of the tract of land sued for. The conveyance of J. R Porter to plaintiff conveys to Mrs. Ella O. Richardson, administratrix, all title, etc.; and the argument is that the deed is infected with a fatal ambiguity. We do not catch the force of the argument. The conveyance of Porter to Ella O. Richardson conveys the legal title of the land to her in person, without regard to whether she was the administratix of the estate of John P. Richardson, deceased, or not, and without regard as to whether she was the guardian of the minor heirs of John P. Richardson, deceased, or not. Her declaration, reciting herself to be such administratrix, is of no consequence, or the re-

cital that she is guardian, because they are immaterial matters. *Columbus Ins. & Banking Co.* v. *Humphries*, 64 Miss., 258 (1 South., 232).

Much argument is made in the briefs as to the effect of a conveyance of this parcel of land, of date 3d March, 1891, of J. R. Porter to A. T. McIntosh, trustee for John P. Richardson & Co., to secure them a large sum of money, and which authorized A. T. McIntosh to execute the trust by selling the land at Ellisville, while the record shows that D. A. McIntosh sold the land under the trust conveyance at Williamsburg; there being no evidence of the written appointment of D. A. McIntosh as trustee. Admitting the utter voidness of the execution of said trust by D. A. McIntosh, because there is no evidence of his appointment in writing, and because the sale was made at a different place from that authorized in the trust conveyance, yet the other evidence in the case authorized a recovery by Mrs. Richardson. The legal title to the property sued for was clearly in Mrs. Ella O. Richardson, by the conveyance of the government to Whitehead, of Whitehead to Porter, and of Porter to her; and she was entitled, upon her evidence placed before the court and jury, to have had a verdict and judgment.

*Reversed and remanded.*